IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN MARKOS<br>  *Plaintiff*, | § § § | Case No. |
| v. | § § § | |
| BBG REAL ESTATE SERVICES<br>  *Defendant.* | § § § | DEMAND FOR JURY TRIAL |

## ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Steven Markos ("Mr. Markos"), by his undersigned counsel, Duane Morris LLP, brings this suit against Defendant, BBG Real Estate Services ("BBG"), and for his Complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501, and violation of the Digital Millennium Copyright Act ("DMCA") in violation of 17 U.S.C. § 1202(b). Mr. Markos seeks compensatory and statutory damages in an amount to be established at trial, as well as injunctive and related relief.

### PARTIES

2. Mr. Markos is a professional photographer and the sole creator and operator of a website celebrating national parks and historic sites around the country, who resides at 2606 Waters Edge Trail, Roswell, GA, 30075.

3. Upon information and belief, Defendant BBG is a limited-liability company duly organized and existing under the laws of Texas, with a principal place of business located at 8343 Douglas Avenue, Suite 700, Dallas, TX 75225. At all times relevant to this lawsuit, Defendant

has owned and operated a commercial Facebook page used to promote its real estate services business – https://www.facebook.com/OfficialBBG (the "BBG Facebook Site").

## JURISDICTION AND VENUE

4. This is a civil action seeking, in part, damages and injunctive relief on behalf of Mr. Markos based on a claim of copyright infringement under the Copyright Act of the United States. This Court has jurisdiction over the claims asserted by Mr. Markos under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over BBG is proper in this forum. Upon information and belief, BBG is organized under the laws of Texas with a business headquarters located at 8343 Douglas Avenue, Suite 700, Dallas, TX 75225. BBG has caused Mr. Markos harm in this state and judicial district, including without limitation the harm caused to Mr. Markos's exclusive copyrights by BBG's infringing conduct in this jurisdiction.

6. Pursuant to 28 U.S.C. § 1400(a), venue properly lies in this District because BBG resides and / or may be found in this District.

## FACTUAL BACKGROUND

**A.  The Copyrighted Work**

7. Mr. Markos is a well-known and highly regarded photographer and writer who operates the National Parks Planner website (https://npplan.com). Mr. Markos has devoted countless hours to creating photographic catalogs of our country's national parks, among other outdoor and historic sites.

8. Mr. Markos is the exclusive owner of all copyrights in a stylized and popular photographic image of Tuskegee Institute (the "Copyrighted Work"). Mr. Markos publishes the

Copyrighted Work on his website with copyright management information consistent with the "Notice of Copyright" provision of 17 U.S.C. § 401(b) affixed to the face of the image. Attached hereto at **Exhibit A** is a true and accurate copy of Mr. Markos's Copyrighted Work as registered and published on his website.

9. Specifically, Mr. Markos publishes the Copyrighted Work on his website with the © symbol, the year of first publication and his name. As a result, pursuant to 17 U.S.C. § 401(d) "no weight shall be given to such a defendant's interposition of a defense based on innocent infringement in mitigation of actual or statutory damages."

10. Mr. Markos timely obtained Certificate of Registration VA 2-022-996 from the United States Copyright Office for the Copyrighted Work (among other photographs), effective as of November 2, 2016. Attached hereto at **Exhibit B** is a true and accurate copy of that Certificate of Registration. The Copyrighted Work is included in the Certificate of Registration as "Tuskegee Institute-21".

11. Mr. Markos owns all rights, title, and interests, including copyrights, in and to the Copyrighted Work, including the exclusive rights to reproduce, display, and distribute the Copyrighted Work and to bring infringement claims arising out of the unauthorized reproduction, distribution and display of the Copyrighted Work.

**B.    BBG's Infringing Conduct**

12. At all times relevant to the claims asserted in this Complaint, BBG has operated the BBG Facebook Site to promote, advertise and conduct its real estate services.

13. Mr. Markos discovered that BBG was infringing his exclusive copyrights by reproducing, publicly displaying and distributing the Copyrighted Work without Mr. Markos's authorization or other lawful permission at the following BBG Facebook Site URL pages:

- https://www.facebook.com/OfficialBBG/?ref=page_internal
- https://www.facebook.com/OfficialBBG/photos/3111184025764429

14. Defendant's infringing use of the Copyrighted Work on the BBG Facebook Site was for the commercial purpose of promoting Defendant's real estate services business.

15. Defendant sought, and on information and belief has, profited from its infringing uses of Mr. Markos's Copyrighted Work to promote and sell Defendant's services without paying Mr. Markos (or anyone else) for a license or other authorization to reproduce, display, distribute or otherwise use the Copyrighted Work.

16. When copying and creating an infringing version of Mr. Markos's Copyrighted Work for display and distribution on the BBG Facebook Site, Defendant removed, or caused to be removed, Mr. Markos's copyright notice and copyright management information embedded on the fact of the Copyrighted Work as displayed on Mr. Markos's National Park Planner website (www.npplan.com).

17. A screenshot evidencing BBG's infringing reproduction, distribution and public display of the Copyrighted Work, altered to remove Mr. Markos's copyright management information, is attached hereto at **Exhibit C**.

18. BBG's infringement of Mr. Markos's exclusive rights in the Copyrighted Work and violation of the Digital Millennium Copyright Act were willful.  At a minimum, BBG's reproduction, public display, distribution and modification of the Copyrighted Work to remove Mr. Markos's copyright management information, without requesting or obtaining permission from Mr. Markos, constituted reckless disregard for Mr. Markos's exclusive copyrights.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq*.)

19. Mr. Markos realleges paragraphs 1 through 18 above and incorporates them by reference as if fully set forth herein.

20. The Copyrighted Work is original work of authorship, embodying copyrightable subject matter, entitled to the full protection of the United States copyright laws.

21. BBG has infringed and violated Mr. Markos's exclusive rights under the Copyright Act, 17 U.S.C. § 106 *et seq*., in Copyrighted Work by copying, distributing and publicly displaying the Copyrighted Work on its commercial BBG Facebook Site.

22. BBG committed its infringements of the Copyrighted Work in connection with the commercial promotion of its products and services to customers and potential customers and /or sources of referral of potential customers.

23. As a direct and proximate result of BBG's infringement of the Copyrighted Work, Mr. Markos is entitled to an award of statutory damages in an amount to be determined after trial, up to but not to exceed the maximum statutory award of $150,000 for the Copyrighted Work, should BBG's infringements be found to have been willful, or up to but not to exceed $30,000 for the Copyrighted Work should BBG's infringement not be found to have been willful.

24. Alternatively, and at Mr. Markos's election, pursuant to 17 U.S.C. § 504(b), Mr. Markos shall be entitled to recover damages based on his lost profits and the disgorgement of BBG's non-duplicative profits in connection with its commercial infringements of Mr. Markos's exclusive rights in the Copyrighted Work, which amounts will be proven at trial.

25. Mr. Markos is entitled to a declaration that BBG has infringed Mr. Markos's exclusive rights in the Copyrighted Work under the Copyright Act, and that such infringement was willful.

26. Mr. Markos also is entitled to seek recovery of his costs of this lawsuit, including reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

27. BBG's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Mr. Markos, unless enjoined by this Court.  Mr. Markos has no adequate remedy at law.  Accordingly, pursuant to 17 U.S.C. § 502, Mr. Markos is entitled to a permanent injunction prohibiting further infringement by BBG of his exclusive rights in the Copyrighted Work.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT
## (17 U.S.C. § 1202)

28. Mr. Markos realleges the allegations of the preceding paragraphs 1 through 18 and incorporates them by reference as if fully set forth herein.

29. BBG intentionally cropped and removed Mr. Markos's copyright management information watermarked in the Copyrighted Work as published, displayed and distributed by Mr. Markos on his website.

30. Upon information and belief, BBG removed and hid Mr. Markos's copyright management information from the Copyrighted Work knowing or having reasonable grounds to know that such actions would facilitate and / or conceal its infringement of Mr. Markos's copyrights, because it would make it appear that BBG owned the Copyrighted Work, or had the right to use it, and it would make it more difficult for Mr. Markos to search for his Copyrighted Work on the internet and locate BBG's infringing use.

31. BBG's conduct was in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(b).

32. Upon information and belief, BBG's conduct in violation of the Digital Millennium Copyright Act was willful.

33. By reason of BBG's violations of the Digital Millennium Copyright Act, Mr. Markos has sustained and will continue to sustain harm, including without limitation, impairment of his exclusive rights in the Copyrighted Work.

34. Further irreparable harm is imminent as a result of BBG's conduct, and Mr. Markos is without an adequate remedy at law. Mr. Markos is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining BBG, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with BBG from engaging in further violations of the Digital Millennium Copyright Act.

35. In lieu of Mr. Markos's actual damages and BBG's profits derived from its violations of the Digital Millennium Copyright Act recoverable under 17 U.S.C. § 1203(c)(2), at his discretion prior to entry of final judgment, Mr. Markos is entitled to recover statutory damages "in the sum of not less than $2,500 or more than $25,000" for each violation of § 1202, pursuant to 17 U.S.C. § 1203(c)(3)(B).

36. Mr. Markos is entitled to a declaration that BBG has willfully violated the Digital Millennium Copyright Act by intentionally removing Mr. Markos's copyright management information in order to facilitate or conceal its infringement of the Copyrighted Work.

37. Mr. Markos also is entitled to seek to recover costs and reasonable attorney's fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

## JURY DEMAND

Mr. Markos hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

## PRAYER

WHEREFORE, Mr. Markos respectfully asks that BBG be cited to appear and that the Court enter judgment in Mr. Markos's favor as follows:

1. A declaration that BBG has infringed Mr. Markos's exclusive rights in the Copyrighted Work under the Copyright Act;

2. A declaration that such infringement was willful;

3. An award to Mr. Markos of his actual damages and disgorgement of BBG's non-duplicative profits under 17 U.S.C. § 504(b) in amounts as shall be determined at trial;

4. Alternatively, at Mr. Markos's election prior to final judgment entering, an award of statutory damages pursuant to 17 U.S.C. § 504(c), in an amount determined at trial up to a maximum of $150,000 for the Copyrighted Work if should BBG's infringement be determined to have been willful, or up to a maximum of $30,000 for each of the Copyrighted Work should BBG's infringement not be found to have been willful;

5. A declaration that BBG has willfully violated the Digital Millennium Copyright Act by intentionally removing Mr. Markos's copyright management information in order to facilitate or conceal its infringement of the Copyrighted Work;

6. An award to Mr. Markos, at his discretion, of his actual damages and disgorgement of all non-duplicative gains, profits, property and advantages obtained or derived by BBG from its violations of the Digital Millennium Copyright Act or, should Mr. Markos so elect, statutory damages in an amount determined at trial between a minimum of $2,500 and a maximum of $25,000 for BBG's violation of § 1202, pursuant to 17 U.S.C. § 1203(c)(3)(B);

7. An award to Mr. Markos of his costs and expenses incurred in this action, including his reasonable attorney's fees, as authorized by 17 U.S.C. §§ 505 and 1203(b)(5);

8. An award of interest, including pre-judgment interest, on the foregoing sums in favor of Mr. Markos;

9. A permanent injunction enjoining BBG, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

    (a) directly or indirectly infringing Mr. Markos's copyrights in the Copyrighted Work;

    (b) directly or indirectly creating, reproducing, publicly displaying or distributing any work derived or copied from Mr. Markos's Copyrighted Work;

    (c)    directly or indirectly removing, or altering Mr. Markos's copyright management information as it appears on, or adding false copyright management information to, Mr. Markos's Copyrighted Work, and

    (d)    directly or indirectly participating or assisting any such activity; and

10.    Any such other and further relief as the Court may deem just and proper.

Dated: September 22, 2023        Respectfully submitted,

**DUANE MORRIS LLP**

*/s/ Joakim G. Soederbaum*
Joakim Soederbaum
Texas State Bar No. 24091338
777 Main Street, Suite 2790
Fort Worth, TX 76102
Tel: 817-704-1056
Fax: 817-887-2304
JSoederbaum@duanemorris.com

***Counsel for Plaintiff Steven Markos***